BEFORE THE SECOND DIVISION, JANUARY 4, 1962

No. 66333.—General Controls Co., by Carmichael Forwarding Service *v.* United States, protest 58/2465 (Los Angeles).

LAWRENCE, Judge: Plaintiff imported certain so-called ring cages, set plugs, and work plugs, which were classified by the collector of customs as articles in chief value of iron or steel in paragraph 397 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 397), as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and duty was imposed thereon at the rate of 20 per centum ad valorem.

It is the claim of plaintiff that the merchandise was of American manufacture and, therefore, entitled to entry free of duty as American goods returned. Although no provision of the statute is cited by plaintiff in its protest, an examination of the record clearly shows that the provisions of paragraph 1615 of said act (19 U.S.C. § 1201, par. 1615), as amended, are relied upon for relief. In the circumstances, we regard the protest as sufficient to properly invoke the jurisdiction of the court.

The record discloses that at the time the entry of the merchandise was filed no commercial invoice was available. Accordingly, entry was made on the basis of a *pro forma* invoice, and this fact was noted on the back of the entry under the heading "Missing Documents."

The record further shows that within the 6-month period for the production of missing documents, pursuant to the provisions of section 25.16(c), and the entry bond required by section 8.28, respectively, of the Customs Regulations of 1943, as amended, the missing commercial invoice was produced and filed with the collector together with customs Form 3311—Affidavit of Free Entry—duly signed by the attorney in fact for the importer as evidence of timely production of missing documents.

At the trial, counsel for plaintiff stated:

We offer to stipulate that if the invoice of returned American goods and declaration of the foreign shipper on Customs Form 129 and Customs Form 3311 had been before the Collector at the time of liquidation the production of Customs Form 4467, the certificate of exportation, would have been waived by the Collector, and the merchandise would, therefore, have been classified as returned American goods, under Paragraph 1615 (a) of the Tariff Act of 1930, as amended, and be free of duty.

To which counsel for the United States replied:

That has been approved by the Collector of Customs at the Port of Los Angeles, and I stipulate that those are the facts.

We accept the foregoing as in substance a candid confession of judgment and sustain the protest.

Judgment will issue directing the collector of customs to reliquidate the entry in harmony with the views above expressed.